# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cv-16782 |
| | ) |
| BEE QUALITY, INC.; LASHUNDA | ) |
| GRIFFIN, as Independent Administrator | ) |
| of the Estate of ANTHONY WRIGHT, | ) |
| SR., deceased; and MARGIE GRIFFIN | ) |
| MORRIS, as Independent Administrator | ) |
| of the Estate of JAMES MORRIS, | ) |
| deceased | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry, LLP, and for its Complaint for Declaratory Judgment against Bee Quality, Inc. ("Bee Quality"); Lashunda Griffin, as independent administrator for the Estate of Anthony Wright ("Estate of Anthony Wright"); and Margie Griffin Morris, as independent administrator for the Estate of James Morris ("Estate of James Morris"), it states as follows:

## THE PARTIES

1. Nautilus is, and at all relevant times has been, a corporation organized under the laws of Arizona with its principal place of business in Arizona. Nautilus is, and at all relevant times has been, an eligible surplus lines insurer whose policies are sold and delivered in Illinois.

2. Bee Quality is, and at all relevant times has been, a corporation organized under the laws of Illinois with its principal place of business in Barrington, Illinois. As a result, Bee Quality is a citizen of Illinois for purposes of this Court's jurisdiction.

3. Lashunda Griffin, as independent administrator for the Estate of Anthony Wright, is, and at all relevant times has been, a citizen of Illinois.

4. Margie Griffin Morris, as independent administrator for the Estate of James Morris, is, and at all relevant times has been, a citizen of Illinois.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, this case relates to an insurance policy with a liability limit of $1 million and an underlying lawsuit seeking an amount well in excess of $75,000, exclusive of interest and costs.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district, and because at least one of the defendants is a resident of this judicial district. Specifically, the subject insurance policy was issued and delivered to Bee Quality in this judicial district and the underlying lawsuit is pending in a state court in this judicial district.

## THE UNDERLYING LAWSUIT

7. On or about February 24, 2023, the Estate of Anthony Wright and the Estate of James Morris filed a Third Amended Complaint at Law against Katie Simmons ("Simmons"), Restoration Builders of Illinois, Inc. ("Restoration Builders"); Assurant Insurance Agency, Inc.

("Assurant"); Wardlaw Claims, Inc. ("Wardlaw"); Bee Quality; and Len Joseph ("Joseph") (the "*Griffin* Lawsuit"). (A true and correct copy of the *Griffin* Lawsuit is attached hereto as **Exhibit A.**)

8. The *Griffin* Lawsuit arises out of an April 12, 2022, incident in which a building façade allegedly collapsed on Wright and Morris, resulting in their deaths. (Ex. A.)

9. The *Griffin* Lawsuit alleges that on or about August 2, 2020, a windstorm caused physical damage to the structure of the property located at or near 3418 West Jackson Boulevard, in Chicago ("Property"). (Ex. A, Count VII ¶ 3.)

10. The *Griffin* Lawsuit further alleges that, after the damage from the windstorm but before April 12, 2022, Restoration and Bee Quality (allegedly retained by Assurant and/or Wardlaw) performed repair work on the Property. (Ex. A, Counts V-VIII, XI-XII.)

11. The *Griffin* Lawsuit alleges that, on April 12, 2022, Wright and Morris were legally present at the Property. (Ex. A, Counts I and III, ¶ 1.)

12. The *Griffin* Lawsuit alleges that Simmons owned, maintained, and controlled the Property at the time. (Ex. A, Count I, ¶ 2.)

13. The *Griffin* Lawsuit further alleges that on April 12, 2022, Wright and Morris were "caused to suffer fatal injuries at the [Property] when [they were] crushed by falling debris." (Ex. A, Count I, ¶ 3.)

14. In Count I of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for premises liability against Simmons. (Ex. A, Count I.)

15. In Count II of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Simmons. (Ex. A, Count II.)

16. In Count III of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for premises liability against Simmons. (Ex. A, Count III.)

17. In Count IV of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Simmons. (Ex. A, Count IV.)

18. In Count V of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Restoration Builders. (Ex. A, Count V.)

19. In Count VI of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Simmons. (Ex. A, Count VI.)

20. In Count VII of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Assurant. (Ex. A, Count VII.)

21. In Count VIII of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Assurant. (Ex. A, Count VIII.)

22. In Count IX of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Wardlaw. (Ex. A, Count IX.)

23. In Count X of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Wardlaw. (Ex. A, Count X.)

24. In Count XI of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Bee Quality. (Ex. A, Count XI.)

25. In Count XII of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Bee Quality. (Ex. A, Count XII.)

26. In Count XIII of the *Griffin* Lawsuit, the Estate of Anthony Wright asserts a claim for negligence against Joseph. (Ex. A, Count XIII.)

27. In Count XIV of the *Griffin* Lawsuit, the Estate of James Morris asserts a claim for negligence against Joseph. (Ex. A, Count XIV.)

### ADDITIONAL FACTS GATHERED DURING NAUTILUS' INVESTIGATION OF THE CLAIM

28. The roofing work that Bee Quality performed at the Property was done pursuant to a permit issued on November 4, 2020 (Permit #100898068), with a work description of "remove two layers of roofing system, install new TPO with 5.2" of poly iso insulation."

29. Bee Quality completed all of its work at the Property in December of 2020, nearly sixteen (16) months before the date of the incident alleged in the *Griffin* Lawsuit.

### THE NAUTILUS POLICY

30. Nautilus issued a commercial general liability insurance policy to Bee Quality under policy number NN1365000 for the policy period of February 8, 2022 through February 8, 2023 ("Nautilus Policy"). (A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit B.**)

31. The Nautilus Policy provides, among other things, commercial general liability insurance coverage subject to a limit of $1,000,000 per occurrence and a general aggregate limit of $2,000,000. (Ex. B.)

### COUNT I

### THE NAUTILUS POLICY'S "PRIOR WORK EXCLUSION" BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *GRIFFIN* LAWSUIT

32. Nautilus adopts and realleges the allegations in Paragraphs 1 through 31 of its Complaint for Declaratory Judgment as and for Paragraph 32 of Count I of its Complaint for Declaratory Judgment, as if fully set forth herein.

33. The Nautilus Policy provides, in relevant part, the following with respect to the liability coverage afforded therein:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. \* \* \*

   \* \* \*

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   \* \* \*

34. The Nautilus Policy defines the terms "bodily injury" and "occurrence" as follows:

**SECTION V – DEFINITION**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

35. The Nautilus Policy also incorporates Form L292 (06/07), entitled "Exclusion – Your Work Completed Prior to Specified Date", which excludes coverage for the following:

**EXCLUSION – YOUR WORK COMPLETED PRIOR TO SPECIFIED DATE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Date:** 02/08/2022

A. The following exclusion is **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" that was completed by or on behalf of any insured prior to the date shown in the Schedule.

B. We will have no duty to defend any insured against any loss, claim, "suit" or other proceeding seeking damages for "bodily injury" or "property damage" arising out of "your work" that was completed by or on behalf of any insured prior to the date shown in the Schedule.

(Ex. B, hereinafter the "Prior Work Exclusion").

36. Bee Quality completed all of its work at the Property before the date shown in the Prior Work Exclusion Schedule (February 8, 2022).

37. Specifically, the roofing work that Bee Quality allegedly performed at the Property was done pursuant to a permit issued on November 4, 2020 (Permit #100898068), with a work description of "remove two layers of roofing system, install new TPO with 5.2" of poly iso insulation."

38. Bee Quality subsequently advised Nautilus that it had completed all of its work at the Property in December of 2020, approximately fourteen (14) months before the February 8, 2022, date shown in the Schedule for the Prior Work Exclusion, and approximately sixteen (16) months before the date of the incident alleged in the *Griffin* Lawsuit.

39. The Nautilus Policy's Prior Work Exclusion bars coverage for the claims asserted in the *Griffin* Lawsuit.

40. Accordingly, Nautilus has and had no duty to defend or indemnify Bee Quality for the claims asserted in the *Griffin* Lawsuit.

41. An actual controversy exists between Nautilus, Bee Quality, the Estate of Anthony Wright, and the Estate of James Morris, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Nautilus Policy's Prior Work Exclusion bars coverage for the claims asserted in the *Griffin* Lawsuit;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend or indemnify Bee Quality for the claims asserted in the *Griffin* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Respectfully submitted,

NAUTILUS INSURANCE COMPANY

By:   /s/ Dana A. Rice
      Dana A. Rice
      One of its Attorneys

Dana A. Rice (6283827)
Adam P. Joffe (6300116)
Traub Lieberman Straus & Shrewsberry LLP
71 South Wacker, Suite 2110
Chicago, Illinois 60606
(312) 332-3900 (t)
(312) 332-3908 (f)
drice@tlsslaw.com
ajoffe@tlsslaw.com

*Attorneys for Nautilus Insurance Company*