UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23-cv-16782 ) ) Judge April M. Perry |
| Bee Quality, Inc. et al. | ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Nautilus Insurance Company ("Nautilus") filed suit seeking a declaration that Defendant Bee Quality, Inc. ("Bee Quality"), the insured under a policy issued by Nautilus to Bee Quality, is not entitled to defense or indemnity in connection with a lawsuit (the "*Griffin* suit"[1]) brought against Bee Quality. Doc. 1. In its answer, Bee Quality brings a counterclaim against Nautilus for breach of contract and seeks a declaratory judgment related to the same coverage dispute. Doc. 11. Nautilus now moves for judgment on the pleadings. Doc. 28. Bee Quality opposes Nautilus's motion and brings its own cross-motion for judgment on the pleadings. Doc. 51. For the reasons set forth below, the Court grants Nautilus's motion and denies Bee Quality's.

**BACKGROUND**

Nautilus is an insurance company. Bee Quality, a roofing contractor, purchased a commercial general liability insurance policy (the "Policy") from Nautilus. The coverage period under the Policy ran from February 8, 2022, to February 8, 2023. The Policy provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which" the Policy applies. Doc. 1 at 6. The Policy applies to

---

[1] *Griffin v. Simmons*, No. 2022 L 3570 (Ill. Cir. Ct. 2023)

bodily injury or property damage which occurs during the policy period and is "caused by an 'occurrence'" defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 6–7. The Policy's coverage extends to Bee Quality's "completed operations," meaning work contracted for and finished by Bee Quality and accepted by the customer. Doc. 11 at 10. However, the Policy includes an exclusion for certain completed works. That exclusion (the "Prior Works Exclusion") provides that coverage "does not apply to 'bodily injury' or 'property damage' included in the 'products completed operations hazard' and arising out of '[Bee Quality's] work' that was completed … prior to" February 8, 2022. Doc. 1 at 7. If the Prior Works Exclusion applies, Nautilus has "no duty to defend any insured against any loss, claim, 'suit' or other proceeding." *Id.*

In February 2023, the estates of Defendants Anthony Wright and James Morris filed the *Griffin* suit against numerous defendants including Bee Quality. *Id*. at 2. The *Griffin* suit arises out of an April 12, 2022, accident in which a building façade allegedly collapsed on Wright and Morris, resulting in their deaths. *Id*. at 3. The *Griffin* complaint alleges that in August 2020, a windstorm caused physical damage to the structure of the relevant property. *Id*. Bee Quality performed the repairs necessitated by the windstorm. *Id*. Although the *Griffin* suit itself does not specify when Bee Quality performed the work, the parties have agreed that the work was completed in December 2020. Doc. 11 at 8. The *Griffin* suit alleges that Bee Quality is liable for negligence arising out of its repair work. Doc. 1 at 4.

Bee Quality tendered notice of the *Griffin* suit to Nautilus, seeking defense and indemnity. Nautilus disclaimed coverage, and on December 14, 2023, Nautilus brought this declaratory judgment action.

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party … is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). In making this determination, courts view the facts in the pleadings "in the light most favorable to the nonmoving party." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). However, the court "need not … give weight to unsupported conclusions of law." *Id.*

**ANALYSIS**

The parties agree that Illinois law governs this dispute. Under Illinois law, an insurer's duty to defend is only excused if "it is clear from the face of the [underlying] complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Int'l Ins. v. Rollprint Packaging Prods., Inc.*, 728 N.E.2d 680, 688 (Ill. App. Ct. 2000). Put differently, if "the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obligated to defend its insured, even if the allegations are groundless, false or fraudulent." *Atl. Mut. Ins. v. Am. Acad. of Orthopaedic Surgeons*, 734 N.E.2d 50, 56 (Ill. App. Ct. 2000). However, in determining an insurer's duty to defend, there is a "long line of cases" demonstrating that courts "need not wear judicial blinders" and may look beyond the underlying complaint to other appropriate evidence in certain circumstances. *Nat'l Fire Ins. of Hartford v. Walsh Const. Co.*, 909 N.E.2d 285, 292 (Ill. App. Ct. 2009). Thus, in a

declaratory judgment action, "a trial court may consider evidence beyond the underlying complaint if in doing so the trial court does not determine an issue critical to the underlying action." *Am. Econ. Ins. v. Holabird & Root*, 886 N.E.2d 1166, 1178 (Ill. App. Ct. 2008); *Fid. & Cas. Co. of New York v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 473 (Ill. App. Ct. 1983) ("[If] an insurer opts to file a declaratory proceeding, we believe that it may properly challenge the existence of such a duty by offering evidence to prove that the insured's actions fell within the limitations of one of the policy's exclusions.").

In addition to determining the relevant facts with respect to the underlying suit, courts must look to the insurance policy to determine its extent of coverage. *Am. Econ. Ins.*, 886 N.E.2d at 1171. "When construing the language of an insurance policy" to determine coverage, "a court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Rich v. Principal Life Ins.*, 875 N.E.2d 1082, 1090 (Ill. 2007). The policy "is to be construed as a whole, giving effect to every provision" and "taking into account the type of insurance provided, the nature of the risks involved, and the overall purpose of the contract." *Id.* "If the words used in the insurance policy are reasonably susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." *Id.* "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning, and the policy will be applied as written, unless it contravenes public policy." *Id.* (internal citations omitted).

Nautilus argues that the *Griffin* suit does not trigger its duty to defend or indemnify Bee Quality because the Policy's Prior Works Exclusion applies. In support of this argument, it relies on Bee Quality's admission in its answer in this case that the work which forms the basis of the *Griffin* suit was completed in December 2020, prior to the Policy's coverage start date of

February 8, 2022. Bee Quality responds that whether the exclusion applies is both disputed by the pleadings and not established by the allegations in the *Griffin* suit. Bee Quality also argues that Nautilus cannot rely on the Prior Works Exclusion because it would render coverage under the Policy illusory.

First, the Court is not persuaded by Bee Quality's argument that it must only look to the allegations on the face of the underlying complaint in determining whether the Prior Works Exclusion applies, thus turning a blind eye to Bee Quality's admission that its work was completed by December 2020. As previously stated, Illinois courts have long recognized that courts determining an insurer's duty to defend in a declaratory judgment action "may consider evidence beyond the underlying complaint" so long as in doing so the court "does not determine an issue critical to the underlying action." *Am. Econ. Ins. v. Holabird & Root*, 886 N.E.2d 1166, 1178 (Ill. App. Ct. 2008).[2] An issue is critical to the underlying action if it is an ultimate fact upon which recovery in the underlying action is predicated or if the fact is determinative of an issue crucial to the insured's liability in the underlying action. *Fid. & Cas. Co. of New York*, 461 N.E.2d at 475. The Court does not believe that the fact that Bee Quality completed its work by December 2020 fits any of these descriptions. The claims against Bee Quality in the underlying action relate to Bee Quality's alleged negligence in its repair and construction of the façade at the subject premises and its alleged failure to warn of the property's structural instabilities. Doc. 1-1 at 24. Whether Bee Quality might be held liable does not hinge on when, precisely, the work was completed, so long as the work occurred prior to the injury. That is why the *Griffin* suit alleges only that Bee Quality's work was done "prior to April 12, 2022," and "on and before" that date.

---

[2] Though courts frequently use the word "evidence" in articulating this rule, courts often look to alleged facts as well. *See, e.g.*, *Pekin Ins. v. Wilson*, 930 N.E.2d 1011, 1023 (Ill. 2010) (approving of appellate court's consideration of insured's pleading in underlying suit on motion for judgment on the pleadings); *Am. Econ. Ins. v. Holabird & Root*, 886 N.E.2d 1166, 1172 (Ill. App. Ct. 2008) (considering third-party complaint).

*Id*. As in other cases where Illinois courts have found that the factual issue is not crucial to the underlying complaint, "the underlying complaint [does] not foreclose the possibility that" the work was completed in December 2020. *Am. Econ. Ins.*, 886 N.E.2d at 1179; Doc. 1-1 at 24. Moreover, Bee Quality makes no argument that the issue of when it completed its work is critical to the underlying suit. For these reasons, the Court determines that it may consider the work completed as of December 2020 for the purposes of these motions for judgment on the pleadings.

Having so found, the Court concludes that the Prior Works Exclusion applies. The unambiguous language of the exclusion states that coverage does not apply to accidents arising out of works completed prior to February 8, 2022, and that Nautilus has no duty to defend Bee Quality against "any … 'suit' or other proceeding seeking damages for 'bodily injury' … arising out of '[Bee Quality's] work' that was completed … prior to" that date. Doc. 1 at 7. Because there is no dispute as to whether Bee Quality's work was completed prior to February 8, 2022, and because the *Griffin* suit seeks damages for bodily injury allegedly arising out of an accident negligently caused by that work, the exclusion applies. That Bee Quality denies this conclusion in its answer does not create a material dispute of fact precluding judgment on the pleadings because the application of the Prior Works Exclusion is a legal issue, not a factual one. *See Buchanan-Moore*, 570 F.3d at 827 (stating courts need not "give weight to unsupported conclusions of law" in pleadings); *Roman Cath. Diocese of Springfield in Ill. v. Maryland Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998) ("Illinois law … treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured as questions of law that the court may resolve summarily."). Because the exclusion unambiguously applies, the Court concludes that Nautilus does not have a duty to defend Bee Quality in the *Griffin* suit.

The Court reaches this conclusion despite Bee Quality's argument that the Prior Works Exclusion renders coverage for completed operations illusory. An insurance "policy need not provide coverage against all possible liabilities; if it provides coverage against some, the policy is not illusory." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs.*, 841 N.E.2d 78, 86 (Ill. App. Ct. 2005), *aff'd,* 860 N.E.2d 280 (Ill. 2006); *W.E. Erickson Const., Inc. v. Chicago Title Ins.*, 641 N.E.2d 861, 864 (Ill. App. Ct. 1994) ("An illusory promise appears to be a promise, but on closer examination reveals that the promisor has not promised to do anything."). The parties agree that completed operations coverage would apply to an accident arising out of any Bee Quality job completed between February 8, 2022, and February 8, 2023. Doc. 53 at 13 (stating that the Policy applies to "work completed by Bee Quality after the inception" of the policy period); Doc. 55 at 9. This is clearly some coverage, and depending on how many jobs Bee Quality completes in a year, it could be a great deal of coverage. Therefore, the completed operations coverage is not illusory.

Nonetheless, Bee Quality points out that it paid a high premium for the completed-works coverage and that there can be a long delay between the completion of works and injury resulting from those works, like in the *Griffin* suit. To Bee Quality, the "point" of completed operations coverage is that it reaches back, prior to when the current policy period begins. Doc. 53 at 13. This argument is not persuasive because it does not establish that it was the "intentions of the parties *as expressed by the words of the policy*" to provide Bee Quality with coverage for operations completed prior to the policy period. *Rich v. Principal Life Ins.*, 875 N.E.2d 1082, 1090 (Ill. 2007) (emphasis added). Nor does Bee Quality's subjective desire for additional coverage render the Policy ambiguous. *Cf. Citizens Ins. Co. of Am. v. Wynndalco Enters.*, 70 F.4th 987, 998 (7th Cir. 2023) (finding policy ambiguous where a certain category of claim was

specifically included in policy coverage and later left out by a sweeping exclusion). Indeed, Nautilus offers its own understanding about the nature of completed-works coverage, supported by relevant caselaw, that is consistent with the scope of the coverage it delivered. *See* Doc. 29 at 10–11. It is the nature of insurance that the insureds want the greatest amount of coverage for the lowest price, and the insurers would prefer the opposite. That is why courts rely upon the words of the insurance policy rather than any party's subjective hopes when determining the extent of coverage. In short, Bee Quality's arguments do not suggest that it was offered an illusory promise under the terms of the Policy.

For these reasons, the Prior Works Exclusion applies and Nautilus is entitled to judgment on the pleadings as to its duty to defend. As for Nautilus's duty to indemnify, in Illinois "if an insurer owes no duty to defend, it owes no duty to indemnify." *Metzger v. Country Mut. Ins*. 986 N.E.2d 756, 761 (Ill. App. Ct. 2013). Therefore, this issue is also resolved in Nautilus's favor.

## CONCLUSION

For the foregoing reasons, the Court grants Nautilus's motion for judgment on the pleadings and denies Bee Quality's cross-motion.

Dated: April 16, 2025

APRIL M. PERRY
United States District Judge